UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:14 CR 096 RWS |
| vs. ) | |
| ) | |
| PARRISH SWANSON, and ) | |
| RAYMOND STEPHENS, ) | |
| ) | |
| Defendants. ) | |

## GOVERNMENT'S OMNIBUS SENTENCING MEMORANDUM

Comes now the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for said District and, for its Sentencing Memorandum as to defendants Swanson and Stephens, states to this Honorable Court as follows:

1. By any standard or measure, defendant Parrish Swanson's and Raymond Stephens' criminal conduct was serious, and calls for fair, just, and appropriate prison sentences. Application of the United States Sentencing Guidelines based upon the parties' recommendations and agreements advises sentences of 46-57 months' imprisonment for both Swanson and Stephens. Anything less (before potential application of Section 5K1.1 for Stephens) would ignore the extent of defendant police officers' criminal conduct and the

1

substantial harm defendants' conduct caused to the community they were sworn to serve, and society in general.

2.      Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence.  The first such factor to be considered is the nature of the offense, 18 U.S.C. 3553(a)(1).  In this case, defendant Swanson was a Lieutenant with the Hillsdale, Missouri Police Department, and defendant Stephens was a patrolman with that same Department.  Significantly, both defendant Swanson (a/k/a "Toney Cannine") and Stephens (a/k/a "Blade") were members of the Road Phantom Motorcycle Club, a support group of the Outcast Motorcycle Club, a known criminal organization operating out of Detroit, Michigan.  Swanson headed the local Road Phantom Motorcycle Club in the St. Louis area.  During January, 2014, defendant Swanson agreed to assist an individual who he believed to be a drug dealer intercept or "rip off" a quantity of heroin from a drug courier.  Because Swanson felt uncomfortable engaging in such a "rip off" with the Hillsdale police officers he was then assigned to work with, Swanson recruited defendant Stephens to assist in the actual drug "rip off".  During further discussions, defendants Swanson and Stephens agreed to do the "rip off" in exchange for a cash payment of approximately $1,000.  On March 20, 2014, defendant Stephens, while on duty and in full uniform and armed, confronted the "drug courier" and took the bag which he believed contained approximately 3 ounces of heroin from the courier's van.  Defendant Stephens later transferred the purported heroin from his police car to his own personal car, and then met with the cooperating individual where Stephens turned over the purported heroin and received the agreed $900 in cash.  Defendant Stephens then met with

defendant Swanson, on duty and in full uniform and armed, and gave defendant Swanson the agreed upon $200 cut of the $900 cash bribe.

2. Sworn Police Officers distributing heroin for cash; doesn't get much worse than that. Through defendants' scheme, Hillsdale lost the honest services of its trusted Police Officers, one of whom was a supervising Lieutenant. Perhaps most significantly, through defendants' criminal conduct, the integrity of our entire system of law enforcement is brought into question, a system which needs to be totally above board, and carried out with the highest standards and ethics in order for our citizens and our communities to have faith and trust in the officers who are sworn to serve and protect them.

3. This Court's sentence should also afford adequate deterrence to criminal conduct, 18 U.S.C. 3553(a)(2)(B). This Court should fashion a significant punishment not only to deter these defendants from future criminal conduct, but in order to deter other individuals in similar law enforcement positions from committing similar crimes. While the overwhelming number of local, state, and federal law enforcement officers carry out their duties with integrity and professionalism, there are, unfortunately, the few who use the power of their law enforcement positions to commit these types of serious crimes. Our citizens and our communities must be able to trust and rely upon their law enforcement officers to obey the very laws they are sworn to enforce. The significance of these types of crimes to our society cannot be overstated, and the need for adequate punishment to deter these types of defendants and others who would act to corrupt the law enforcement system for their own gain is great. Some, like these defendants,

believe they can engage in criminal conduct without facing any consequences if caught. It is a risk they choose to take, and it is a risk that should result in significant consequences in order to provide an adequate deterrent effect. The government submits that prison sentences within the Congressional advisory guidelines in this case will have that desired deterrent effect.

4.      Defendants have advisory guideline sentences under the United States Sentencing Commission Guidelines of 46-57 months' imprisonment. The government submits that there is no basis whatsoever in the law or the underlying facts and circumstances here that would justify a downward variance to a sentence less than the advisory guideline sentence. It is the government's position that justice and fairness require appropriate sentences of imprisonment in this case. As a direct result of defendants' criminal conduct, the adverse impact upon the victims has been substantial. These defendants should be held accountable for their criminal conduct by appropriate prison sentences; the victims deserve it, and fairness and justice require it.

5.      Further, only appropriate prison sentences will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for defendant's criminal offenses as is required by 18 U.S.C. 3553(a)(2)(A).

WHEREFORE, the United States of America prays that this Honorable Court sentence defendants to appropriate terms of imprisonment within the advisory guideline range,

without downward variances, and for such other relief as this Court deems appropriate and just under the circumstances.

    Respectfully submitted,

    RICHARD G. CALLAHAN
    United States Attorney

    *s/Hal Goldsmith*
    HAL GOLDSMITH #62501
    Assistant United States Attorney
    111S. 10th Street, Room 20.331
    St. Louis, Missouri 63102
    (314) 539-2200

## CERTIFICATE OF SERVICE

    I hereby certify that on October 29, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record in this case.

    /s/ Hal Goldsmith
    HAL GOLDSMITH
    Assistant United States Attorney